UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-21412 CIV-GOLD

MAGISTRATE JUDGE TURNOFF

PABLO PEREZ, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

SERGIO A. PAGLIERY, P.A. and
SERGIO A. PAGLIERY,

    Defendants.
_____/



## COMPLAINT

1. Plaintiff, PABLO PEREZ, (hereinafter referred to as "Plaintiff"), was a former employee of Defendants, SERGIO A. PAGLIERY, P.A. and SERGIO A. PAGLIER (hereinafter referred to as "Defendants"), and brings this action on behalf of himself and all other employees and former employees of Defendants similarly situated to them for compensation and other relief under the Fair Labor Standards Act as amended, 29 U.S.C. § 216(b).

2. Plaintiff is a citizen and resident of Hialeah, Miami-Dade County, Florida and within the jurisdiction of this Honorable Court.

3. Defendant, SERGIO A. PAGLIERY, P.A., is a Florida Profit Corporation licensed to do and doing business in the State of Florida, with a principal place of business in Miami, Miami-Dade County, Florida and within the jurisdiction of this Honorable Court.

4. Defendant, SERGIO A. PAGLIERY, is a resident of Miami-Dade County, Florida and within the jurisdiction of this Honorable Court.

5. At all times material hereto, Defendant, SERGIO A. PAGLIERY,, was the President

of SERGIO A. PALIERY, P.A.

6. At all times material hereto, Defendant, SERGIO A. PAGLIERY, was the statutory employer pursuant to 29 U.S.C. § 203(d).

7. This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are, and at all times pertinent to this Complaint was, engaged in interstate commerce. At all times pertinent to this Complaint, Defendants, SERGIO A. PAGLIERY, P.A. and SERGIO A. PAGLIERY, regularly operated a Law Firm. Based upon information and belief the annual gross revenue of Defendants was in excess of $500,000.00 per annum.

9. By reason of the foregoing, Defendants were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(r) and § 3(s) of the Act, 29 U.S.C. § 203(r) and § 203(s).

10. The additional persons who may become Plaintiffs in this action are other weekly paid and/or salaried employees and/or former employees of the Defendants who are and who were subject to the payroll practices and procedures described in Paragraphs 14 and 15 below and who were not paid time and one-half of their regular rate of pay for all overtime hours worked beginning on or after May, 2004.

11. At all times pertinent to this Complaint Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and

those similarly situated to Plaintiff performed services for Defendants for which no provision was made by the Defendants to properly pay Plaintiff for those hours.

12. From October 1, 2005 through January 4, 2007, Plaintiff, PABLO PEREZ, was employed by Defendant, SERGIO A. PAGLIERY, P.A. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff himself was engaged in commerce. The work performed by Plaintiff was directly essential to Defendant in interstate commerce, which was directly essential to the business performed by Defendant.

13. Defendant, SERGIO A. PAGLIERY, was the owner and President of SERGIO A. PAGLIERY, P.A.

14. Plaintiff's employment with Defendants provided for compensation on a bi-monthly basis. Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) during a work week.

15. In the course of employment with Defendants, Plaintiff and all other similarly situated employees, worked the number of hours required of them but was not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) during a work week.

16. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to them are in the possession, custody and control of Defendants.

17. Plaintiff has worked for Defendants continuously since October 1, 2005. The amount of back overtime due is as follows:

   a. From October 1, 2005 through January 4, 2007, Plaintiff was paid at a rate of $21.75 per hour. During that time period Plaintiff worked an average of 5 hours of overtime per

week, yet was not paid his overtime premium. Based upon this information, Plaintiff is entitled to $3,534.38 in back overtime pay, in addition to an equal amount in liquidated damages, plus attorney's fees, costs and interest.

## COUNT 1
## RECOVERY OF OVERTIME COMPENSATION
## SERGIO A. PAGLIERY, P.A.

Plaintiff readopts and realleges all allegations all allegations contained in Paragraphs 1 through 170 above.

18.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per work week.

19.     By reason of the said intentional, willful and unlawful acts of Defendant, SERGIO A. PAGLIERY, P.A., Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

20.     As a result of Defendant's willful violation of the Act, all Plaintiffs are entitled to liquidated damages in an equal amount to that set forth in Paragraph 15 above.

21.     Plaintiff demands trial by jury.

**WHEREFORE**, for work weeks beginning on or after May, 2004, Plaintiff, PABLO PEREZ, and those similarly situated demands judgment against Defendants, SERGIO A. PAGLIERY, P.A. and SERGIO A. PAGLIERY, for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## SERGIO A. PAGLIERY

Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 21

above.

22. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per work week.

23. By reason of the said intentional, willful and unlawful acts of Defendant, SERGIO A. PAGLIERY, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

24. As a result of Defendant's willful violation of the Act, all Plaintiffs are entitled to liquidated damages in an equal amount to that set forth in Paragraph 15 above.

25. Plaintiff demands trial by jury.

**WHEREFORE**, for work weeks beginning on or after May, 2004, Plaintiff, PABLO PEREZ, and those similarly situated demand judgment against Defendants, SERGIO A. PAGLIERY, P.A. and SERGIO A. PAGLIERY, for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

DATED this 23 day of May, 2007.

Respectfully submitted,

JOSEPH M. MAUS, P.A.
Counsel for Plaintiff
750 East Sample Road
Building 2, Suite 102
Pompano Beach, Florida 33064
jmaus@pompanoattorney.com
(954) 784-6310
(954) 784-6313 - FAX

By: _____
JOSEPH M. MAUS, ESQ.
Florida Bar No. 983373

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

PABLO PEREZ, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

SERGIO A. PAGLIERY, P.A. and
SERGIO A. PAGLIERY,

    Defendants.
_____/

## CONSENT TO FILE ACTION

PABLO PEREZ, by and through undersigned counsel and pursuant to 29 U.S.C.A. § 216 (b), the Fair Labor Standards Act, hereby gives his consent to become a party Plaintiff to the subject action.

DATED this 10th day of April, 2007.

Respectfully submitted,

PABLO PEREZ

By: _____
PABLO PEREZ

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
PABLO PEREZ, on behalf of himself and all others similarly situated,

## DEFENDANTS
SERGIO A. PAGLIERY, P.A. ans SERGIO A. PAGLIERY,

(b) County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph M. Maus, Esquire, JOSEPH M. MAUS, P.A., 750 East Sample Road, Building 2, Suite 102, Pompano Beach, Florida 33064
(954) 784-6310

Attorneys (If Known)

CIV - GOLD
MAGISTRATE JUDGE TURNOFF
07-21412

(d) Check County Where Action Arose: ✓☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:07CV21412-Gold Turnoff

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ✗ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO
JUDGE                            DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 216(b) - Overtime wage claim.

LENGTH OF TRIAL via  2-3  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 5/23/07

**FOR OFFICE USE ONLY**
AMOUNT 350.00   RECEIPT #   IFP

540150